## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE MODERN SPORTSMAN, LLC;<br>RW ARMS, LTD.; MARK MAXWELL,<br>Individually; and MICHAEL STEWART,<br>Individually,<br><br>      Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>      Defendant. | Case No.: 1:19-cv-449<br><br>Judge Loren A. Smith |

### FIRST-AMENDED COMPLAINT
### NATURE OF THE CLAIM

1.      Plaintiffs bring their claim for a taking of their property without just compensation, by means of the reversal of the Bureau of Alcohol, Tobacco, Firearms, and Explosives' determination that bump-fire stocks, slide-fire devices, and devices with certain similar characteristics (collectively referred to as "bump-stocks") are a firearm accessory and, thus, not regulated as a firearm under the Gun Control Act of 1968 ("GCA") or the National Firearms Act of 1934 ("NFA").

2.      Specifically, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") published a Notice of Proposed Rulemaking ("NPR") in the Federal Register on March 29, 2018, 83 FR 13422.  In the NPR, the ATF proposed an amendment to its regulations that would reverse its previous determinations that bump-stocks are a firearm accessory and not subject to federal regulation.

3.      The ATF's NPR was an initial step to substantively, through fiat regulation, redefine bump-stocks as "machineguns" under the NFA and GCA.

1

4. The NPR, 83 FR 13422, was an abrupt reversal of clear ATF guidance that was followed by hundreds-of-thousands of law-abiding citizens and retailers who legally purchased bump-stocks as an accessory over more than an eight-year period.

5. More than ten previous classification decisions from the ATF have classified bump-stocks as a firearm part or accessory, which hundreds-of-thousands of citizens relied on when purchasing these devices.

6. Because the ATF has long classified bump-stocks as mere firearm accessories, owners of devices classified as firearm accessories had an investment-backed expectation in their bump-stocks as firearm accessories.

7. On December 26, 2018, the ATF published its final rule in the federal register, 83 FR 66514, amending 27 CFR parts 447, 478, and 479, retroactively redefining bump-fire stocks as "machineguns" under the NFA and GCA.

8. Moreover, the final rule incredibly requires that previously lawful owners destroy or surrender the device within 90-days without offering compensation.

9. On or before March 26, 2019, Plaintiff, The Modern Sportsman, LLC, destroyed 1,479 bump-stocks in its possession in accordance with the final rule.

10. On or before March 26, 2019, Plaintiff, RW Arms, Ltd., destroyed 73,462 bump-stocks in its possession in accordance with the final rule.

11. On or before March 26, 2019, Plaintiff, Mark Maxwell, destroyed 29 bump-stocks in his possession in accordance with the final rule.

12. On or before March 26, 2019, Plaintiff, Michael Stewart, destroyed 25 bump-stocks in his possession in accordance with the final rule.

13. The final rule's unprecedented requirement that bump-stocks be surrendered or destroyed within a 90-day period, with no opportunity for registration, effected a taking under the 5th Amendment of the United States Constitution.

## PARTIES

14. Plaintiff, The Modern Sportsman, LLC, is a corporation duly organized and existing under the laws of the state of Minnesota, with its principal place of business at 3541 County Road 42 West, Burnsville, Minnesota 55306. The Modern Sportsman, LLC, is a registered FFL firearms dealer. It is also a retailer of firearms, optics, ammunition, and firearm parts and accessories. The Modern Sportsman, LLC, also regularly rents firearms at its range, including fully automatic weapons, to enthusiasts. At the time of the issuance of the final rule, Plaintiff, The Modern Sportsman, LLC, had a property interest in 1,479 bump-stock devices. As detailed herein, Plaintiff, The Modern Sportsman, LLC, suffered a taking as a result of the ATF's amendment of 27 CFR parts 447.11, 478.11, and 479.11, requiring it to destroy or surrender its bump-stock devices.

15. Plaintiff, RW Arms, Ltd., is a corporation duly organized and existing under the laws of the state of Texas, with its principal place of business at 4330 Vickery Boulevard, Suite 130, Fort Worth, Texas 76107. RW Arms, Ltd., is a registered FFL firearms dealer. It is also a retailer of firearms, optics, ammunition, and firearm parts and accessories. At the time of the issuance of the final rule, Plaintiff, RW Arms, Ltd., had a property interest in 73,462 bump-stocks. As detailed herein, Plaintiff, RW Arms, Ltd., suffered a taking as a result of the ATF's amendment of 27 CFR parts 447.11, 478.11, and 479.11, requiring it to destroy or surrender its bump-stock devices.

16.     Plaintiff, Mark Maxwell, is an individual who resides in Tarrant County, Texas. Plaintiff, Mark Maxwell is also a member of RW Arms, Ltd.  In reliance on the ATF's many classification decisions, Mr. Maxwell legally purchased and owned multiple bump-stock type devices for both his personal use and for economic gain.  At the time of the issuance of the final rule, Plaintiff, Mark Maxwell, had a property interest in 29 bump-stocks.  As detailed herein, Plaintiff suffered a taking as a result of the ATF's amendment of 27 CFR parts 447.11, 478.11, and 479.11, requiring him to destroy or surrender his legal bump-stock devices.

17.     Plaintiff, Michael Stewart, is an individual who resides in Tarrant County, Texas. Plaintiff, Michael Stewart is also a member of RW Arms, Ltd.  In reliance on the ATF's many classification decisions, Mr. Stewart legally purchased and owned multiple bump-stock type devices for both his personal use and for economic gain.  At the time of the issuance of the final rule, Plaintiff, Michael Stewart, had a property interest in 25 bump-stocks.  As detailed herein, Plaintiff suffered a taking as a result of the ATF's amendment of 27 CFR parts 447.11, 478.11, and 479.11, requiring him to destroy or surrender his legal bump-stock devices.

## JURISDICTION AND VENUE

18.     This Complaint states causes of action for taking of property without just compensation in violation of the Fifth Amendment to the United States Constitution.  The Court has jurisdiction over this action under the Tucker Act, 28 U.S.C. § 1491(a).

19.     Venue is proper in the United States Court of Federal Claims pursuant to 28 U.S.C. § 1491(a).

## FACTUAL BACKGROUND

20. The Attorney General is responsible for enforcing the GCA, as amended, and the NFA, as amended. This includes the authority to promulgate regulations necessary to enforce the provisions of the GCA and NFA.

21. The Attorney General has delegated the responsibility for administering and enforcing the GCA and NFA to the Director of the ATF, subject to the direction of the Attorney General and the Deputy Attorney General.

22. The Department and ATF have promulgated regulations implementing both the GCA and the NFA.

23. As the primary authority for administering and enforcing the GCA and NFA, manufactures, retailers, and the public alike have relied on the ATF for classification decisions on new bump-stock-type devices.

24. In 2006, the ATF concluded that certain spring-loaded devices were classified as machineguns under the GCA and NFA.

25. Specifically, the ATF concluded that certain devices attached to semi-automatic firearms that use an internal spring to harness the force of the recoil so that the firearm shoots more than one shot with a single pull of the trigger are machineguns.

26. One such spring-loaded device that relied on internal springs and was classified as a machinegun was the Akins Accelerator.

27. After reclassification, the ATF advised individuals who had purchased the Akins Accelerator that they had the option of removing the internal spring, thereby placing the device outside the classification of machinegun and allowing the purchaser/possessor to *retain the device* in lieu of *destroying or surrendering the device*.

28.     Between 2008 and 2017 the ATF also issued many classification decisions concluding that certain bump-stock-type devices, that did not rely on springs, were not machineguns.

29.     The ATF indicated that semiautomatic firearms modified with these bump-stock-type devices did not fire "automatically," and were thus not "machineguns," because the devices did not rely on internal springs or similar mechanical parts to channel recoil energy.

30.     The ATF classified these bumps-stock devices as firearm accessories which are not subject to regulation.

## COUNT I

## (FIFTH AMENDMENT TAKING)

31.     On December 26, 2018, the ATF amended 27 CFR parts 447.11, 478.11, and 479.11, retroactively redefining bump-fire stocks as "machineguns" under the NFA and GCA.

32.     The amended regulations have destroyed all economic value and all investment-backed expectations in Plaintiffs' bump-stocks.

33.     Bump-stocks that were once legally owned, and unregulated, firearm accessories by Plaintiffs are now considered machineguns under the NFA and cannot be lawfully possessed, transported, donated, or devised.

34.     Bump-stock devices possessed by individuals were required to be destroyed or surrendered to the ATF within 90-days of the effective date of the regulation, March 26, 2019.

35.     The ATF's website explains that bump-stock devices can be surrendered to a local ATF office or destroyed.

36.      The website also explains how to properly destroy a bump-stock, see Exhibit 1.

37. Indeed, the final rule states "any method of destruction must render the device so that it is not readily restorable to a firing condition or is otherwise reduced to scrap."

38. In the event of destruction, the final rule also states that after the stock is reduced to scrap, an owner must "throw the pieces away."

39. Plaintiff, The Modern Sportsman, LLC, destroyed and discarded the resulting scrap from 1,479 bump-stocks pursuant to the final rule.

40. Plaintiff, RW Arms, Ltd., destroyed and discarded the resulting scrap from 73,462 bump-stocks pursuant to the final rule.

41. Plaintiff, Mark Maxwell, destroyed and discarded the resulting scrap from 29 bump-stocks pursuant to the final rule.

42. Plaintiff, Michael Stewart, destroyed and discarded the resulting scrap from 25 bump-stocks pursuant to the final rule.

43. Plaintiffs' bump-stocks had no scrap value, and cost Plaintiffs money to destroy.

44. A federal law or regulation that requires previously lawful owners of property to destroy or surrender said property, without just compensation, is unprecedented in the history of the United States.

45. Unlike individual states, the federal government does not have a plenary police power.

46. The amended regulation effectively took Plaintiffs' property without just compensation.

47. The ATF took Plaintiffs' property for a public purpose.

48. The ATF's regulation has prohibited private uses.

49. The ATF's actions are attributable to the United States.

50. The United States government has not provided Plaintiffs with just compensation for the taking of Plaintiffs' property.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, pray for relief pursuant to each cause of action set forth in this Complaint as follows:

A. For an order finding that Defendant took Plaintiffs' property without just compensation in violation of the Fifth Amendment of the United States Constitution;

B. For Judgment entered against the Defendant and in favor of Plaintiffs for compensation for the property right taken from them, together with the costs of suit, including reasonable attorneys' fees and interest;

C. That Plaintiffs be awarded just compensation for their deprivation and losses;

D. That Plaintiffs have such other, further, and different relief as the case may require and the Court may deem just and proper under the circumstances.

Dated: March 28, 2019

Respectfully Submitted,

*[signature]*

Ethan A. Flint, *Attorney of Record*

*[signature]*

Adam M. Riley, *Of Counsel*
Flint Law Firm, LLC
222 E. Park St., Suite 500
P.O. Box 189
Edwardsville, IL 62025
T: (618) 288-4777   F: (618) 288-2864
eflint@flintlaw.com
ariley@flintlaw.com